UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY KEVIN COLLINS,

    Plaintiff,

v.                                                Case No. 6:07-cv-133-Orl-31GJK

VOLUSIA COUNTY,

    Defendant.

**ORDER**

This case is before the Court on the Motion to Dismiss the Third Amended Complaint (Doc. No. 24) filed by Defendant Volusia County. For the following reasons, the motion is granted.

## I.    *Factual Background*[1]

Plaintiff, a prisoner in the State of Florida proceeding *pro se*, filed a third amended civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. No. 22.) Plaintiff maintains that Defendant violated his rights pursuant to the Fifth and Fourteenth Amendments to the United States Constitution by negligently failing to fix the ventilation system at the Volusia County Jail (hereinafter "Jail"), which Defendant knew was a health hazard. *Id*. at 8. Plaintiff asserts that on March 31, 2005, he was placed in the Jail, where he remained for

---

[1]The following statement of facts is derived from Plaintiff's third amended complaint, the allegations of which this Court must accept as true when considering the motion to dismiss. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Development Corporation S.A.*, 711 F.2d 989, 994-95 (11th Cir. 1983).

four months.[2]  *Id*. at 8, 10.  While confined at the Jail, Plaintiff became sick from breathing contaminated air which contained mold and was circulated in the ventilation system.  *Id*.

Plaintiff suffers from asthma, and breathing the mold aggravated his condition, causing him to have an increased number of asthma attacks.  *Id*. at 8-9.  Plaintiff sneezed uncontrollably from breathing the contaminated air and subsequently developed rashes on different parts of his body.  *Id*. at 8-9.  Plaintiff asserts that he complained to the nurse at the Jail about his problems, and she advised him that they were caused by allergies, the water, or dry skin.  *Id*.  As a result of breathing the contaminated air, Plaintiff currently has pain in his muscles, a knot on his right shoulder, high blood pressure, sinus problems, permanent scars, and fatigue.  *Id*. at 10.

Plaintiff maintains that other inmates and officers at the Jail were affected by the contaminated air and the inmates complained about it.  *Id.*  Plaintiff alleges that the medical staff at his present place of confinement confirms that he is suffering from "sick building syndrome."  *Id.*  Plaintiff is seeking compensation for his pain and suffering and for Defendant to fix the ventilation system at the Jail.  *Id*. at 11.

II.   *Standard of Review*

In ruling on a motion to dismiss, this Court must view the complaint in the light most favorable to the plaintiff and limit its consideration to the pleadings and any exhibits attached thereto.  *Scheuer v. Rhodes*, 416 U.S. 232 (1974).  Moreover, the Court must liberally

---

[2]Plaintiff returned to the Jail in June of 2006 for approximately one week.  (Doc. No. 22 at 10.)

construe the allegations in the complaint in favor of Plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). A plaintiff's obligation to provide the grounds for his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action is not sufficient. *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, ___, 127 S. Ct. 1955, 1964-65 (2007).

### III. Analysis

Defendant asserts *inter alia* that the instant action should be dismissed because Plaintiff has not exhausted his administrative remedies. As discussed more fully below, the Court concludes that Plaintiff has not demonstrated that he exhausted his administrative remedies. As such, the third amended complaint must be dismissed.

Pursuant to 42 U.S.C. § 1997e(a), a prisoner must exhaust his administrative remedies before pursuing a civil rights action:

> **(a)  Applicability of administrative remedies**
>
> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

The United States Supreme Court has held that § 1997e's exhaustion requirement requires "'proper exhaustion,'" such that "a prisoner must exhaust all prescribed administrative remedies available to him . . . before filing a lawsuit to seek judicial redress." *Garcia v.*

*Glover*, 197 Fed. Appx. 866, 868 (11th Cir. 2006) (quoting *Woodford v. Ngo*, 548 U.S. 81, 93 (2006)).  The Supreme Court has repeatedly held that "[t]here is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v. Bock*, 549 U.S. 199, 127 S. Ct. 910, 918-19 (2007) (citing *Porter v. Nussle*, 534 U.S. 516, 524 (2002)).  To determine whether plaintiffs have exhausted their administrative remedies, courts do "not review the effectiveness of those remedies, but rather whether remedies were available and exhausted."  *Miller v. Tanner*, 196 F.3d 1190, 1193 (11th Cir. 1999) (citing *Alexander v. Hawk*, 159 F.3d 1321, 1326 (11th Cir. 1998)).

In the third amended complaint, Plaintiff fails to indicate that he exhausted his administrative remedies regarding the allegations contained in the complaint.  Plaintiff does not dispute that he did not file any grievance or seek any administrative remedy during the time that he was in the Jail.  Instead, Plaintiff asserts that he was not in the custody of the Jail when he learned of his injuries and that the state correctional facility had no grievance procedure for incidents occurring in a county facility.  *See* Doc. No. 28 at 1. As such, he maintains that he had no available administrative remedies.  The Court finds that this argument is without merit.

Pursuant to the allegations in the third amended complaint, while in the custody of the Jail, Plaintiff was aware that the air was contaminated, and he also knew some of the physical effects breathing the air had on him. Plaintiff states that he was in the Jail for four months in 2005 and for a week in 2006 and that other inmates and officers at the Jail were affected by the contaminated air.  He alleges that other inmates complained about their

4

conditions. Plaintiff also asserts that he complained to the nurse at the Jail and was told that his medical issues were the result of allergies, the water, or dry skin. Thus, the allegations in the third amended complaint belie Plaintiff's contention that he was not in the custody of the Jail when he learned of his injuries, and thus, had no available administrative remedies.[3] In *Hall v. Richardson*, 144 Fed. Appx. 835, 836 (11th Cir. 2005), the court held that the district court properly dismissed the complaint because the plaintiff failed to exhaust his administrative remedies when he had the opportunity to do so before being transferred to another facility. Like the plaintiff in *Richardson*, this Court concludes that Plaintiff has failed to demonstrate that there were no administrative remedies available to him. As such, this case must be dismissed because Plaintiff did not exhaust his administrative remedies prior to initiating this action.

Accordingly, it is **ORDERED**:

1. Defendant' Motion to Dismiss Plaintiff's Third Amended Complaint (Doc. No. 24) is **GRANTED**.

2. The instant case is **DISMISSED** without prejudice.

3. The **Clerk of the Court** is directed to close this case.

---

[3]The Court further notes that Plaintiff also alleges in the third amended complaint that "[t]here was talk about this mold producing these toxins making everybody sick. But, [sic] it was denied as inconclusive and swept under the rug." (Doc. No. 22 at 10.) Thus, pursuant to his own allegations, Plaintiff was aware that the contaminated air was the reason for the illnesses that the inmates were suffering.

**DONE AND ORDERED** at Orlando, Florida, this 7th day of July, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
sc 7/7
Anthony Kevin Collins
Counsel of Record